IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LORRAINE BLACKWELL LEWIS EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV1119 |
| | ) | |
| ALL AMERICAN BAIL BONDS, INC., | ) | |
| CRIMINAL MAGISTRATE INC., | ) | |
| GREENSBORO MUNICIPAL INC., | ) | |
| GUILFORD COUNTY SHERIFF OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint pursuant to 42 U.S.C. § 1983 filed by Plaintiff Lorraine Blackwell Lewis El. In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. "The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of

successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully -harmed -me accusation." Id. In this regard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Id.¹  In addition, the Court may anticipate affirmative defenses that are clear on the face of the complaint.  Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Finally, the third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) applies if the plaintiff "seeks monetary relief against a defendant who is immune from such relief."  This provision generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In this case, Plaintiff has failed to properly complete the In Forma Pauperis form by failing to provide sufficient details regarding her income and expenses.  Therefore, the Court cannot determine whether Plaintiff has the ability to pay some or all of the filing fee in this case.  Moreover, having reviewed the allegations in the Complaint, the Court concludes that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) in any event because it fails to state a claim on which relief may be granted and seeks monetary relief from persons immune from such relief.  In considering the contentions set out in the Complaint, the Court

---

¹ Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

notes that Plaintiff complains that agents of Defendant All American Bail Bonds, Inc., in conjunction with Greensboro, N.C. police officers and Guilford County Sheriff's Department deputies, trespassed on private property, violated her Fourth Amendment rights, caused personal and property damage, kidnaped her, and threatened her.  The Defendants were allegedly searching for someone other than Plaintiff when these wrongs occurred.

In the Complaint, Plaintiff names several alleged agents of Defendant All American Bail Bonds, Inc., and claims that they trespassed on private property, made threats, searched and seized property, caused property damage, and committed the offense of breaking or entering. Plaintiff fails to assert any facts against the corporation itself, however.  Plaintiff appears to be relying upon the doctrine of respondeat superior to hold the corporation liable.  However, respondeat superior liability is not available, even for private corporations, under 42 U.S.C. § 1983.  Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982) ("In Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipal corporation cannot be saddled with section 1983 liability via respondeat superior alone.  We see this holding as equably applicable to the liability of private corporations."); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999) ("[A] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights.") (emphasis in original). Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Defendant All American Bail Bonds, Inc.

4

Plaintiff also names Criminal Magistrate Inc. as a Defendant. Plaintiff alleges in her Complaint that she attempted three times to file criminal complaints against the Defendant officers and bail bondsmen, but each time the state court magistrate refused to issue any complaints and instead advised Plaintiff to consult the District Attorney's office, the Greensboro Police Department Watch Division, or the North Carolina Department of Insurance. Therefore, based upon the facts alleged, the Court construes the named Defendant as Plaintiff's attempt to name the two state court magistrates who refused to issue criminal complaints to Plaintiff. State court magistrates have absolute judicial immunity for actions taken in their judicial capacity such as determining whether process will issue. See Stump v. Sparkman, 435 U.S. 349 (1978) (state court judges are absolutely immune from damages for acts performed in their judicial capacities); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); Creed v. Wilson, No. 1:06CV397, 2008 WL 678655 (M.D.N.C. Mar. 12, 2008) (state court magistrate has judicial immunity for setting bonds). Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Defendant Criminal Magistrate Inc. based upon absolute judicial immunity.

Plaintiff names as a Defendant Greensboro Municipal Inc. The address given for this Defendant is the address for the City Hall for the City of Greensboro. Therefore, the Court construes this as an attempt by Plaintiff to name the City of Greensboro as Defendant. Plaintiff makes allegations against individual police officers employed by the City, as described above. However, Plaintiff fails to allege any facts against the City itself. As discussed above, respondeat superior liability is not available under section 1983. See Monell, 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of

some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Greensboro Municipal Inc.

Finally, Plaintiff names as a Defendant the Guilford County Sheriff's Office. Plaintiff alleges that on one occasion Guilford County Sheriff's Department officers surrounded her private property and that "Terrorism and Trespass occurred." (Compl. [Doc. #2] at 7.) Again, Plaintiff fails to allege any facts as to the named Defendant. She is apparently relying upon the doctrine of respondeat superior, which is not available in this action. See Monell, 436 U.S. at 692. Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Defendant Guilford County Sheriff's Office.

Because Plaintiff has failed to state a valid claim for relief against any Defendant, this action should be dismissed, but without prejudice to Plaintiff filing a new Complaint properly naming the defendants, and accompanied by a properly-completed Application to Proceed In Forma Pauperis. The Court also notes that Plaintiff alleges that the owner of the property at which these events allegedly occurred is a Trust rather than Plaintiff. If Plaintiff chooses to file a new Complaint, Plaintiff must state facts showing that she has an interest sufficient to allow her to raise claims regarding injury to this property. Plaintiff is also reminded that "threadbare recitals" of the elements of a cause of action, such as for trespass, kidnaping, or property damage, are not sufficient to state a valid claim for relief. Plaintiff must allege facts supporting such claims.

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted, without prejudice to Plaintiff filing a new Complaint as noted above.

This, the 31st day of December, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge